ON APPLICATION FOR REHEARING.
PER CURIAM.
It has been called to our attention in an application for rehearing that this court: (1) issued an order dismissing the appeal filed by plaintiffs but referred to the appeal as “defendant’s motion to appeal;” (2) failed to address the Supreme Court reinstatement of the trial court’s denial of defendants’ motion for summary judgment on the claims of Metropolitan; and (3) failed to adequately dismiss plaintiffs’ appeal as untimely. We, therefore, granted a rehearing to clarify these issues.
As set forth in our original opinion, the record establishes the following sequence of events:
April 15,1985 Defendants Rodney K. Brady and State Farm Mutual Insurance Company filed motion for summary judgment against plaintiffs’ claims, which was set to be heard on May 20,1985, by Judge Tanner.
May 15,1985 Defendants filed motion for summary judgment against third-party claims and petition of intervention filed by Metropolitan Property Liability Insurance Company (Metropolitan). No date was set for a hearing on this motion.
May 20,1985 Defendants’ motion for summary judgment on the main demand was heard by Judge James, who denied it.
July 2,1985 Defendants refiled their second motion for summary judgment, requesting that the court grant their motion for summary judgment on the third-party demand filed by Metropolitan. This matter was set for hearing on August 9,1985, before Judge James.
August 9,1985 Defendants’ motion for summary judgment on the third-party demand was heard by Judge Tanner, who denied it.
September 4,1985 Judge James signed the judgment denying defendants’ motion for summary judgment on the main demand.
September 9,1985 Judge Tanner signed the judgment denying defendants’ motion for summary judgment on the third-party demand.
September 10,1985 Notice of September 4 and 9 judgments was mailed by clerk of court’s office.
*508 September 18,1985 Defendants filed notice of intent to apply for writs to review J. Tanner's September 9 judgment on the denial of the motion for summary judgment on the third-party demand.
November 6,1985 Appellate court grants writ; J. Tanner ordered to vacate his judgment and render judgment granting defendants’ motion for summary judgment on the third-party demand.
December 2,1985 Ex parte judgment was rendered and signed by J. James vacating his September 4 judgment and granting defendants’ motion for summary judgment on the main demand.
December 3,1985 Notice of Judge James's December 2 judgment was mailed by clerk of court's office.
December 20,1985 Supreme Court reversed action taken by appellate court on defendants’ writ application and reinstated “judgment of the district court denying defendant's motion for summary judgment on the third-party demand.”
February 28,1986 Defendants filed motion for appeal of December 2,1985 judgment, which granted defendants’ motion for summary judgment and dismissed plaintiffs’ suit.
The following are not before the court on appeal and, therefore, are not before the court on this show cause order to dismiss the appeal: (1) the trial court judgment by Judge Tanner denying defendants’ motion for summary judgment on the third-party demand; (2) the granting of writs by this court of appeal vacating the trial court’s judgment and ordering the trial judge to render judgment granting the summary judgment on the third-party demand; and, (3) the granting of writs by the Louisiana Supreme Court reversing the action taken by the appellate court and reinstating the judgment of the district court denying defendants’ motion for summary judgment on the third-party demand.
The issue presented in the appeal before the court is whether Judge James, by judgment dated December 2, 1985, properly vacated his September 4 judgment and granted defendants’ motion for summary judgment on the main demand. The issue before us on this show cause order is whether plaintiffs’ appeal from the December 2, 1985, judgment was filed timely.

Timeliness of Motion to Appeal

Plaintiffs appeal from the December 2, 1985 judgment, notice of which was mailed on December 3, 1985. Plaintiffs filed their petition to appeal on February 28, 1986.
Clearly, under LSA-C.C.P. art. 2087, plaintiffs’ appeal was not timely perfected and is dismissed as untimely.

Conclusion

Therefore, for the above reasons, the appeal from the trial court’s judgment, granting defendants’ motion for summary judgment and dismissing plaintiffs’ suit against Brady and State Farm, is dismissed as untimely. Costs are to be paid by appellants.
APPEAL DISMISSED.